# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OLGA PALOMAREZ,

       **Plaintiff,**

v.                                                            No. CIV-14-0492 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*** *(Doc. 14)*, filed January 12, 2015 (hereinafter "motion"). On May 6, 2015, Defendant filed a response to Plaintiff's motion to reverse or remand [*Doc. 20*], and, on May 28, 2015, Defendant filed a reply [*Doc. 21*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 4* and *6*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 11*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

## I.   Procedural History

On May 13, 2009, Plaintiff filed applications for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI"), alleging that she became disabled

on March 4, 2007.  [*Doc. 11-8* at 4-10 and 11-18, respectively].   Plaintiff stated that she became disabled due to: back and right ankle injury, degenerative disc disease, and joint disease. [*Doc. 11-9* at 6].   Each application was denied at the initial level on September 21, 2009 (*Doc. 11-6* at 2-5 and 6-9, respectively), and at the reconsideration level on April 20, 2010 (*id.* at 14-15 and 10-11, respectively).   Pursuant to Plaintiff's request (*id.* at 20-21), Administrative Law Judge Barry Robinson (hereinafter "ALJ") conducted a hearing on February 9, 2012. [*Doc. 11-4* at 2-36].   At the hearing, Plaintiff was present, was represented by counsel and testified (*id.* at 4, 6-29), and Vocational Expert Judith Beard (hereinafter "VE") was also present and testified (*id.* at 4, 30-35).

On August 29, 2012, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled.   [*Doc. 11-3* at 28-40].   Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 23), and, on April 10, 2014, the Appeals Council denied Plaintiff's request for review (*id.* at 2-5), which made the ALJ's decision the final decision of the Commissioner.   On May 23, 2014, Plaintiff filed her complaint in this case. [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).   If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.   *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004);

*Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.   *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).   An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."   *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).   While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."   *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."   *Lax v. Astrue*, 489 F.3d 1080, 1084  (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).   In light of this definition for disability, a

five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).   At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."   20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.   At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.   *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on January 18, 1978.  [*Doc. 11-8* at 4].   Plaintiff has held the following jobs: clerical, home healthcare provider, security guard, service representative, and substitute teacher.  [*Doc. 11-9* at 7].   Plaintiff alleges that she is unable to work because of back and right ankle injury, degenerative disc disease, and joint disease.  *Id.* at 6.   Plaintiff's medical records include: records from Dr. Forrest E. Henry, D.O. (*Doc. 11-3* at 16-22) and (*Doc. 11-24* at 43-52); a Disability Determination Examination by Nina Flavin, M.D., dated August 29, 2009 (*Doc. 11-11* at 14-17); a Physical Residual Functional Capacity Assessment by David P. Green, M.D., dated September 21, 2009 (*id.* at 19-26); a Case Analysis by Craig Billinghurst, M.D., dated April 15, 2010 (*id.* at 32); a Neurological Evaluation by Atta Rehman, M.D., dated September 10, 2008 (*Doc. 11-14* at 20-21); two Functional Abilities Evaluations by Andy Krentz,

ATC, one dated July 10, 2008 (*id.* at 22-35) and one dated January 3, 2012 (*Doc. 11-24* at 24-40); and an Independent Medical Examination by Christopher P. Patton, D.O., dated April 29, 2010 (*Doc. 11-23* at 33-54 and 31-32).   Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of March 4, 2007. [*Doc. 11-3* at 30].   At step two, the ALJ found that Plaintiff has the following severe medically determinable impairments: "degenerative disc disease of the lumbar spine with sciatica in her left leg and a right ankle strain with a healed distal tibia avulsion fracture."   *Id.*   At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).   *Id.* at 31.

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work with the following limitations: stand and/or walk 4 hours in an 8-hour workday; occasionally climb ramps/stairs/ladders/scaffolds; occasionally crawl; frequently balance, stoop, kneel and crouch; and avoid concentrated exposure to extreme cold, hazardous machinery, and unprotected heights. *Id.*   In support of the RFC finding, the ALJ stated that he did not fully accept Dr. Flavin's opinions because the ALJ found that the evidence in the record "better supports [Plaintiff's] ability to perform light work," but the ALJ "did accept Dr. Flavin's medical findings pertaining to the presence of low back pain and right ankle pain."   *Id.* at 32.   The ALJ stated that he gave significant weight to Dr. Green's assessment that Plaintiff should be able to stand and walk 4 hours in an 8-hour workday.   *Id.*   The ALJ further stated that he gave little weight to Dr. Henry's assessments as the ALJ found that the evidence supports an RFC for light work.   *Id.* at 33.   The

ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." *Id.* at 34.   At step four, the ALJ found that Plaintiff had no past relevant work, so the ALJ proceeded to the fifth step. *Id.*

At the fifth and final step, the ALJ noted that Plaintiff was born on January 18, 1978, so she was 29 years old at the time of her alleged disability onset date, which is defined as a younger individual between the ages of 18-49. *Id.*   The ALJ noted that Plaintiff has at least a high school education, and is able to communicate in English. *Id.*   The ALJ stated that "[t]ransferability of job skills is not an issue because [Plaintiff] does not have past relevant work." *Id.* (citing 20 C.F.R. §§ 404.1568 and 416.968).   The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.*   The ALJ stated that he asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the requirements of the following representative occupations: document preparer, order clerk, and jewelry preparer. *Id.* at 35.   The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.*   The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to work that exists in significant numbers in the national economy." *Id.*   The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

# V.   Analysis

Plaintiff makes the following arguments in her motion to reverse or remand: (1) that the ALJ failed to properly consider the opinions of Dr. Henry (*Doc. 14* at 5-12); (2) that the ALJ failed to properly weigh the evidence from Dr. Patton, Dr. Flavin, Dr. Green, and from a functional capacity evaluation done by Andy Krentz (*id.* at 12-19); (3) that the ALJ erred by failing to provide a function-by-function analysis in his RFC determination (*id.* at 19-20); (4) that the ALJ improperly relied on the VE's testimony (*id.* at 20-23); and (5) that the Appeals Council erred by rejecting new, material and chronologically pertinent evidence (*id.* at 23-26).   In response, Defendant contends that the ALJ reasonably found that Plaintiff could perform a range of light work, reasonably weighed the medical opinion evidence in the record, did not err by failing to include a function-by-function assessment, and reasonably relied on the VE's testimony. [*Doc. 20* at 10-18].   Defendant also contends that the Appeals Counsel reasonably rejected the additional evidence submitted to it.   *Id.* at 18-19.

## A.   The Appeals Council's Consideration of New Evidence

The Court will first consider Plaintiff's claim that the Appeals Council erred by failing to consider additional evidence she submitted to it after the ALJ's decision.   Specifically, Plaintiff contends that the Appeals Counsel erred by rejecting the medical assessments by Dr. Henry dated October 22, 2012, which were submitted to the Appeals Council on October 30, 2012.   *See* [*Doc. 11-3* at 15-22].   Plaintiff contends that this evidence is new, material, and chronologically pertinent, and, therefore, should have been considered by the Appeals Council.   [*Doc. 14* at 24-26].   In response, Defendant contends that the Appeals Council did not err in rejecting Dr. Henry's opinions because they are not new or material, they do not pertain to the time period at

issue, and they are nearly identical to Dr. Henry's opinions dated January 2012.   [*Doc. 20* at 18-19].   In reply, Plaintiff contends that Dr. Henry's opinions pertain to the relevant time period.   [*Doc. 21* at 8].

Additional evidence should be considered by the Appeals Council if it is new, material, and relates to the period on or before the ALJ's decision.   20 C.F.R. §§ 404.970(b) and 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome."   *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citations and internal quotation marks and brackets omitted).   Here, in the section of its "Notice of Appeals Council Action" titled "What We Considered," the Appeals Council stated that it looked at the October 22, 2012 medical records from Dr. Henry, and that, because the ALJ's decision was dated August 29, 2012, "[t]his new information is about a later time," and "[t]herefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before August 29, 2012."   [*Doc. 11-3* at 3].   In *Padilla v. Colvin*, No. 12-2097, 525 Fed. Appx. 710, 712, 2013 WL 1908910 (10th Cir. May 9, 2013) (unpublished), the Tenth Circuit explained that, even when the Appeals Council accepted additional evidence into the record, and suggested that it considered the additional evidence by stating under the "What We Considered" section that the additional evidence did not provide a basis for changing the ALJ's decision, the Appeals Council did not actually consider the additional evidence, because "the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found [that] the evidence did not qualify for consideration at all."   The Tenth Circuit found that "[t]his case therefore boils down to whether the Appeals Council should have considered the additional evidence."   *Id.*   Following this

explanation by the Tenth Circuit, the Court finds that the additional evidence here was not considered by the Appeals Council, despite its inclusion in the section titled "What We Considered," because the Appeals Council found that the evidence was not temporally relevant. Therefore, the Court must determine whether the Appeals Council should have considered the additional evidence.

First, the Court finds that the evidence is new.  While Defendant contends that the October 22, 2012 assessments by Dr. Henry that were provided to the Appeals Counsel "are nearly identical" as the assessments Dr. Henry completed on January 31, 2012 that were part of the administrative record (*see Doc. 20* at 18, comparing *Doc. 11-3* at 16-22 with *id.* at 43-49), Dr. Henry's findings in the two assessments are not the same.   For example, on October 22, 2012, Dr. Henry found the following (1) additional limitations that he did not find on January 31, 2012: "moderate" (instead of "slight") limitation in working in coordination with or proximity to others without being distracted by them (*compare Doc. 11-3* at 16 and 19 *with Doc. 11-24* at 44 and 46); Plaintiff needs to decrease activity or pace, or rest intermittently, because of pain and fatigue (instead of just pain), can frequently lift or carry less than 5 pounds (instead of 10 pounds), must periodically alternate sitting and standing to relieve pain or discomfort (instead of sitting with normal breaks for "less than 4 hours in an 8-hour workday") (*compare Doc. 11-3* at 17 *with Doc. 11-24* at 43); "moderate" (instead of "slight") limitations in interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and responding appropriately to changes in the work place, and "marked" (instead of "slight") limitation in traveling in unfamiliar places or using public transportation (*compare Doc. 11-3* at 18 *with Doc. 11-24* at 45); and (2) new findings of: "marked" difficulties in maintaining

concentration, persistence or pace under "Anxiety-Related Disorders," and a "residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause . . . decompensation" under "Affective Disorders" (*compare Doc. 11-3* at 20-21 *with Doc. 11-24* at 48-49); and that Plaintiff should avoid dealing with people, and avoid directing, controlling or planning the activities of others (*compare Doc. 11-3* at 22 *with Doc. 11-24* at 47).   Therefore, the Court finds that the additional evidence is new because it is not duplicative or cumulative.

Next, the Court must determine whether the evidence is material and temporally relevant. Defendant contends that the evidence is not material because it was prepared two months after the Appeals Council's decision and, therefore, does not pertain to the time period at issue.   [*Doc. 20* at 18-19].   The Court notes that Defendant appears to conflate the terms "material" and "temporally relevant."   The Tenth Circuit has explained that evidence is material "if there is a reasonable possibility that it would have changed the outcome," and is chronologically pertinent if it relates to the time period on or before the ALJ's decision.   *See Threet*, 353 F.3d at 1191. Because the limitations found by Dr. Henry in the evidence submitted to the Appeals Council were neither reflected in the ALJ's discussion of the evidence supporting his RFC determination, nor reflected in the ALJ's RFC determination, the Court finds that there is a reasonable possibility that the additional evidence would have changed the outcome and, thus, is material.   With regard to whether the evidence is temporally relevant, the Tenth Circuit has explained that evidence submitted to the Appeals Council is temporally relevant when it corroborates a prior diagnosis and/or a claimant's hearing testimony, and does not require the evidence newly submitted to the Appeals Council to pre-date the ALJ's decision.   *See Padilla*, 525 Fed. Appx. at 713.   Here,

Dr. Henry's opinions relate to and corroborate evidence in the record regarding Plaintiff's limitations.   For example, Dr. Henry's opinions corroborate Dr. Flavin's opinion that Plaintiff would need frequent breaks due to her back pain (*see Doc. 11-11* at 17), as well as many of the limitations found by Dr. Henry in his January 2012 assessments that were not included in the ALJ's RFC determination (*see Doc. 11-24* at 43-49).   The additional evidence also corroborates Plaintiff's hearing testimony that she cannot sit for more than 30 minutes at a time (*Doc. 11-4* at 17), and regarding her mental limitations (*id.* at 21-22, 25-26, and 28).   For these reasons, the Court finds that the additional evidence from Dr. Henry (*Doc. 11-3* at 16-22) relates to the time period on or before the ALJ's decision because it corroborates or is related to other evidence in the record, pursuant to the holding in *Padilla*, 525 Fed. Appx. 710.

Because the additional evidence from Dr. Henry is new, material, and chronologically pertinent, the Appeals Council should have considered it in order to properly determine whether the ALJ's decision was supported by substantial evidence.   *See Padilla*, 525 Fed. Appx. at 713. The Court, therefore, finds that this case should be remanded for further consideration of the additional evidence consistent with this opinion.   The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record.   *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) (explaining that the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record") (citations omitted) and *Threet*, 353 F.3d 1191 (explaining that, if the Appeals Council fails to consider

qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the additional evidence submitted to the Appeals Council as set forth above.

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*** *(Doc. 14)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.   A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**