**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**OLGA PALOMAREZ,**

        **Plaintiff,**

**v.**                                              **No. CIV-14-0492 LAM**

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

        **Defendant.**

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES</u>

    **THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees and Costs[ ]Pursuant to the Equal Access to Justice Act, With Memorandum in Support* (Doc. 25), filed November 4, 2015.   The Commissioner filed a response to the motion on November 17, 2015 [*Doc. 26*], and Plaintiff filed a reply on November 23, 2015 [*Doc. 27*].   In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$8,481.70** and costs in the amount of **$400.00**, as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d).   [*Doc. 25* at 1].   In response to the motion, the Commissioner states that she does not object to Plaintiff's request on substantial justification grounds; however, the Commissioner contends that the number of hours requested by Plaintiff is excessive and should be reduced to a more reasonable number.   [*Doc 26* at 1].   Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED**.

    The Commissioner contends that Plaintiff's fee request is excessive because this case does not involve unusual or complex issues at law, and Plaintiff did not make any unusual arguments

that required significant legal research.   [*Doc. 26* at 2-3].   The Commissioner, therefore, contends that the hours Plaintiff's counsel spent drafting the opening brief (33 hours) is excessive, and asks the Court to reduce this number by 15 hours to a total of 30.05 allowable hours, corresponding to a total attorney fee award of $5,661.70.   *Id.*

In reply, Plaintiff's counsel states that in her opening brief she briefed four distinct issues, only one of which was routine, including an issue that required extra time because it is not an area of the law that is well developed.   [*Doc. 27* at 2].   Plaintiff's counsel further states that the Administrative Record in this case is 977 pages long, and that about 10 of the 33 hours at issue were spent reviewing this record.   *Id.* at 2-3.   Plaintiff's counsel then asks the Court to add compensation for the additional hour she spent reviewing the records in this case and drafting her reply to her motion for attorney fees, stating that she now requests an award of attorney fees in the amount of $8,669.70, plus $400.00 in costs for the filing fee.   *Id.* at 4.

EAJA provides for the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)."   28 U.S.C. § 2412(d)(1)(A).   "In awarding fees under the EAJA, however, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004).   The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise billing judgment regarding the amount of hours actually billed.   *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998).   To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary.   *See id.*   The Court has a corresponding obligation to exclude hours not reasonably expended from the calculation.   *See id.*

2

The Court disagrees with the Commissioner that Plaintiff's counsel's stated hours for preparing the motion to reverse or remand are excessive.   That motion contained several arguments that Plaintiff's counsel presented in twenty-one pages of briefing, including substantial citations to the Administrative Record and to relevant law.   *See* [*Doc. 14* at 5-26] (raising the following claims: (1) that the ALJ failed to properly consider the opinions of Dr. Henry (*id.* at 5-12); (2) that the ALJ failed to properly weigh the evidence from Dr. Patton, Dr. Flavin, Dr. Green, and from a functional capacity evaluation done by Andy Krentz (*id.* at 12-19); (3) that the ALJ erred by failing to provide a function-by-function analysis in his RFC determination (*id.* at 19-20); (4) that the ALJ improperly relied on the VE's testimony (*id.* at 20-23); and (5) that the Appeals Council erred by rejecting new, material, and chronologically pertinent evidence (*id.* at 23-26)).   The substance of Plaintiff's motion, coupled with the length of the Administrative Record, provides adequate support for the number of hours requested by Plaintiff's counsel.   The Court notes that EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."   28 U.S.C. § 2412(d)(1)(C); *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings").   The Commissioner does not allege, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter.   For these reasons, the Court finds that the Commissioner's request to reduce Plaintiff's attorney fees for time unreasonably expended should be denied.   In addition, the Court finds that Plaintiff's request in her reply brief for compensation for an additional hour spent preparing her reply to the motion for attorney fees

should be denied.   This request is improperly raised in a reply brief so the Commissioner did not
have an opportunity to respond.   Moreover, the Court finds that the amount of attorney fees
Plaintiff initially requested in her motion is sufficient compensation.

      **IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion
for Attorney Fees and Costs[ ]Pursuant to the Equal Access to Justice Act, With Memorandum
in Support*** *(Doc. 25)* is **GRANTED**, and that Plaintiff is authorized to receive **$8,481.70** in
attorney fees and **$400.00** in costs for payment to her attorney for services before this Court, as
permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning
v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

      **IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney
fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the
smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining
that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's
benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

      **IT IS SO ORDERED.**

                                       *Lourdes A. Martínez*
                                   **LOURDES A. MARTÍNEZ
                                   UNITED STATES MAGISTRATE JUDGE**